**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46512**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 27, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JARED R. ALLEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion for mistrial and judgment of conviction, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Jared R. Allen appeals from his judgment of conviction for conspiracy to commit robbery, burglary, and battery with the intent to commit robbery. Allen argues that the prosecutor misstated the reasonable doubt standard in closing argument and the district court erred in denying his motion for a mistrial on that basis.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Allen was charged by indictment with conspiracy to commit robbery, Idaho Code § 18-6501; burglary, I.C. § 18-1401; and two counts of battery with the intent to commit robbery, I.C. § 18-911. The charges arose after Allen and Matthew McCoy entered Tyler Matthews' house and engaged in an altercation with Matthews and his ten-year-old daughter, D.M. Based on the entry into the home and the altercation that ensued, a grand jury indicted Allen on the above-listed offenses. Allen's case and McCoy's case were joined for trial.

1

During the State's rebuttal in closing arguments, the prosecutor explained the State's version of events and then stated: "To find that they're not guilty you have to say that the State's version is essentially not reasonable. . . . [o]r based on common sense." Allen objected, arguing that the State's remark was a misinterpretation of the burden of proof. The district court overruled Allen's objection. After the jury was excused, Allen's counsel moved for a mistrial based on the prosecutor's statement regarding the burden of proof. The district court denied the motion for a mistrial. Thereafter, the jury convicted Allen of conspiracy to commit robbery, burglary, and one count of battery with the intent to commit robbery. The district court sentenced Allen to an aggregate unified term of thirty years with ten years determinate and retained jurisdiction. Allen timely appeals.

## II.

## ANALYSIS

Allen argues that the district court erred when it overruled Allen's objection to the prosecutor's characterization of the reasonable doubt standard. In addition, Allen argues that the district court abused its discretion in denying his motion for a mistrial. We will address each of these contentions in turn below.

### A. Prosecutorial Misconduct

Allen argues that the prosecutor committed misconduct by misstating the reasonable doubt standard during closing argument. As such, Allen claims that the district court erred in overruling his objection to the prosecutor's statement. During the State's rebuttal closing argument, Allen objected to the following statement made by the prosecutor: "To find that they're not guilty you have to say that the State's version is essentially not reasonable. . . . [o]r based on common sense." The State concedes that the prosecutor misstated the reasonable doubt standard but argues that the error was harmless.

Where a criminal defendant shows a reversible error based on a contemporaneously objected-to constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt that the constitutional violation did not contribute to the jury's verdict. *State v. Johnson*, 163 Idaho 412, 421, 414 P.3d 234, 243 (2018). A conviction will not be set aside for small errors or defects that have little, if any, likelihood of having changed the results of the trial. *State v. Baker*, 161 Idaho 289, 299, 385 P.3d 467, 477 (Ct. App. 2016).

2

The State argues that the error was harmless because the district court properly instructed the jury on the reasonable doubt standard, and it is presumed that the jury followed the court's instruction. In addition, the State argues that the error was harmless because the State presented overwhelming evidence of Allen's guilt. Allen argues that (1) the error was structural because the district court essentially adopted the prosecutor's misstatement as a jury instruction when it overruled Allen's objection and thus, this error is not amenable to the harmless error analysis, and (2) if harmless error applies, the State fails to meet its burden.

As an initial matter and contrary to Allen's contention, Allen's claim is subject to harmless error review. In *State v. Herrera*, 152 Idaho 24, 266 P.3d 499 (Ct. App. 2011), the defendant, making the exact same argument that Allen makes on appeal, argued that the prosecutor's statement during closing argument constituted an erroneous instruction on the burden of proof and thus qualified as structural error which required automatic reversal. This court explained that, "this argument is specious" and made clear that "an attorney's statement in closing argument is not, by any definition, a jury instruction."[1] *Id*. at 32, 266 P.3d at 507. Thus, we will analyze Allen's claim using the harmless error standard.

We conclude that the prosecutor's error in misstating the burden of proof is harmless beyond a reasonable doubt. Although the prosecutor misstated the standard, the district court properly instructed the jury on the standard of proof. First, the district court explained to the jury:

> Your duties are to determine the facts, to apply the law set forth in my instructions to those facts, and in this way decide the case. In so doing, you must follow my instructions regardless of your own opinion of what the law is or should be, or what either side may state the law to be.

Thereafter, the district court instructed the jury on the reasonable doubt standard as follows:

> First, the State has the burden of proving each defendant's guilt. The State has that burden throughout the trial. Neither defendant is ever required to prove his innocence, nor does either defendant ever have to produce any evidence at all.
> Second, the State must prove the alleged crime beyond a reasonable doubt. A reasonable doubt is not a mere possible or imaginary doubt. It is a doubt based on reason and common sense. It may arise from a careful and impartial

---

[1] Allen attempts to distinguish his case from *Herrera* by arguing that, in *Herrera*, (1) the district court did not explicitly overrule the defense's objection, and (2) the statement in question was made in closing rather than rebuttal closing which provided the defendant an opportunity to address the prosecutor's argument. However, these claimed distinguishing characteristics have no implication on this Court's ruling in *Herrera*.

consideration of all the evidence or from a lack of evidence. If after considering all the evidence you have a reasonable doubt about either one or both of the defendant's guilt, you must find the defendant or defendants for whom you have a reasonable doubt not guilty.

We presume that the jury followed the jury instructions given by the trial court in reaching its verdict and there is no indication that the jury did not follow the court's instructions. *Phillips v. Erhart*, 151 Idaho 100, 109, 254 P.3d 1, 10 (2011). Thus, the prosecutor's misrepresentation was harmless.

**B.    Motion for Mistrial**

Next, Allen argues that the district court erred in denying his motion for a mistrial. In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983). Because we conclude that the prosecutor's misstatement was harmless, the error does not amount to reversible error. Thus, the district court did not err in denying Allen's motion for mistrial.

### III.

### CONCLUSION

The prosecutor's misstatement was harmless error. Therefore, the district court did not err in denying Allen's motion for a mistrial. Accordingly, the district court's denial of Allen's motion for a mistrial and his judgment of conviction are affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

4